**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

AGUSTIN TOVAR-CHAVEZ,

Defendant-Appellant.

No. 06-2064
(D.C. No. CR-05-1479 MCA)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

Defendant Agustin Tovar-Chavez pled guilty to one count of illegal reentry to the United States after deportation subsequent to a felony conviction, in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2) and 8 U.S.C. § 1326(b)(2). Pursuant to the plea agreement, Mr. Tovar-Chavez waived his "right to appeal any sentence within the [applicable] statutory range." Mot. to Enforce, Ex. A, at 5. Appearing

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

pro se, Mr. Tovar-Chavez filed a notice of appeal from his conviction and sentence. The government has filed a motion to enforce its plea agreement with Mr. Tovar-Chavez. Mr. Tovar-Chavez's attorney filed a response to the government's motion stating his belief that there is no legitimate basis for an appeal.[1] We grant the government's motion and, accordingly, dismiss the appeal.

This court will enforce a criminal defendant's waiver of his right to appeal so long as the following three elements are satisfied: (1) "the disputed appeal falls within the scope of the waiver of appellate rights," (2) the defendant's waiver of his appellate rights was knowing and voluntary, and (3) enforcing the waiver will not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). We have reviewed the plea agreement and the response from Mr. Tovar-Chavez's counsel, and we conclude that the *Hahn* factors have been satisfied.

Accordingly, we GRANT the government's motion to enforce the plea agreement and DISMISS the appeal. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM

---

[1] This court attempted to give Mr. Tovar-Chavez an opportunity to file an opposition to the government's enforcement motion, but the court's correspondence to him was returned, marked as refused.